UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN C. LEYERZAPF,

    Plaintiff,

Case No. 8:23-cv-00399

v.

FIRST CONTACT LLC,

    Defendant.

_____/

# COMPLAINT

Plaintiff STEPHEN C. LEYERZAPF ("Plaintiff"), by and through the undersigned, complains as to the conduct of FIRST CONTACT LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and under the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

### PARTIES

5. Plaintiff is a natural person over 18-years-of-age and, at all times relevant, resided in Sun City, Arizona.

6. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Arizona. Defendant is a limited liability company organized and existing under the laws of the state of Florida with its principal place of business located at 200 Central Avenue, 7th Floor, St. Petersburg, Florida 33701.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the conduct giving rise to these claims, Plaintiff obtained a credit account ("subject consumer debt") from Credit One bank ("COB") for personal, family, and household purposes.

9. Due to financial hardships outside of Plaintiff's control, Plaintiff fell behind and eventually defaulted on the subject consumer debt.

10. After Plaintiff defaulted on the subject consumer debt, COB placed the same with Defendant, for collection purposes.

11. In approximately early 2022, Plaintiff began receiving collection calls to his cellular phone, (602) XXX-0345, from Defendant, seeking payment for the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -0345. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. On such calls, Defendant identified itself as COB.

14. Based on further information and belief, Defendant deceptively used false area codes for the numbers it called Plaintiff from.

15. After falling behind on the subject consumer debt and upon answering a call from Defendant, Plaintiff explained his financial situation, that he could not afford the subject consumer debt, and that he would contact Defendant once he is able to pay it. Plaintiff further demanded that Defendant cease in calling him.

16. However, Defendant disregarded Plaintiff's demand and continued placing calls to his cellular phone essentially every day, and often numerous times a day.

17. Plaintiff has repeatedly demanded that Defendant cease in calling him, but to no avail.

18. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

19. Plaintiff has received dozens of calls from Defendant despite his repeated demands that the calls cease.

20. In all of its contacts to Plaintiff, Defendant never identified itself as a debt collector, nor did it give Plaintiff any debt collector disclosures, as required by law.

21. In response to the harassing phone calls and Defendant not honoring his requests for the calls to cease, Plaintiff initiated arbitration proceedings against COB. During such proceedings, COB disclosed that it hired Defendant to collect upon the subject consumer debt from Plaintiff and that it was Defendant, and not COB, that placed some of the collection calls to Plaintiff that are at issue.

22. In total, Defendant placed dozens of harassing collection calls to Plaintiff, on behalf of COB, after Plaintiff requested that the collection calls cease. Based on information and belief, all such calls originated from Defendant's principal place of business.

23. To date, Plaintiff has not received any written communication from Defendant.

24. Frustrated over Defendant' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, anxiety, emotional distress, increased blood pressure, and numerous violations of his federal and state-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

31. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of 15 U.S.C. § 1692d & 12 C.F.R. § 1006.14**

32. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. 15 U.S.C. § 1692d(6) further prohibits debt collectors from placing telephone calls "without meaningful disclosure of the caller's identity."

35. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone

calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

36. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

37. Defendant violated §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

38. Moreover, Defendant violated § 1692d(6) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name.

### b. Violations of 15 U.S.C. § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling him. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debt through undue and deceptive means.

35. Further, Defendant violated §§ 1692e, 1692e(10), and 1692e(11) through its failure to provide the requisite disclosures as a debt collector and its efforts to hide its true identity under the false guise of COB. Despite the applicability of the FDCPA to Defendant's collection practices, it has woefully failed to comply with the disclosure and informational requirements of the FDCPA.

36. Moreover, Defendant violated §§ 1692e, 1692e(10), and 1692e(14) by falsely identifying itself as COB.

    c. **Violations of 15 U.S.C. § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

37. Further, Defendant violated § 1692f by failing to identify itself as a debt collector.

38. Moreover, Defendant violated § 1692f by failing to give any of the disclosures that debts collectors are required to give consumers.

    d. **Violations of 15 U.S.C. § 1692g**

39. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides the extent of written information and disclosures that debt collectors are required to provide to consumers within five days of first communicating with such consumers.

40. Defendant violated § 1692g(a) through its complete failure to provide Plaintiff the requisite disclosures and information despite the requirement that they do so.

WHEREFORE, Plaintiff, STEPHEN C. LEYERZAPF, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

42. At all times relevant to this Complaint, Plaintiff, was and is a natural person and is a "consumer" as defined by Florida Statute § 559.55(8).

43. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

44. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute § 1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§ 559.72 and 559.51(1).

45. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

46. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

47. Defendant violated § 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop calling him. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

48. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to induce him into making a payment, even after Plaintiff demanded that such phone calls from Defendant cease.

49. This repeated behavior of systematically calling Plaintiff's phone, despite his demands, to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

50. Plaintiff told Defendant that its calls to his cellular phone were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were inconvenient to Plaintiff to harass and abuse him.

WHEREFORE, Plaintiff, STEPHEN C. LEYERZAPF, requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiff equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 22, 2023                     Respectfully Submitted,

<u>/s/ *Franklin A. Jara*</u>
Franklin A. Jara, Esq.
Florida Bar No. 636681
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-8010
fjara@sulaimanlaw.com